741 So.2d 558 (1999)
SASHA & SASHA, INC., Appellant,
v.
STARDUST MARINE, S.A., Jet Sea U.S.A., Inc., a dissolved Florida corporation, Yachting U.S.A., Inc., a dissolved Florida corporation, Frederic Asseo, and Jacques Casiro, Appellees.
No. 97-2816.
District Court of Appeal of Florida, Fourth District.
July 28, 1999.
Rehearing Denied October 21, 1999.
*559 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellant.
Lee D. Mackson of Shutts & Bowen LLP, Miami, and Patrick P. Salisbury of Salisbury & Ryan LLP, New York, New York, for Appellee-Stardust Marine, S.A.
G. Thomas Smith, Pensacola, for Amicus Curiae-The Real Property and Probate and Trust Section of the Florida Bar.
Alfred LaSorte, Jr. of Jonas & LaSorte, West Palm Beach, for Amicus Curiae-Florida Land Title Association, Inc.
WARNER, C.J.
This case is a companion case with Ming Properties, Inc. v. Stardust Marine S.A., et al., 741 So.2d 554. Based on our reversal in that case, we also reverse the final judgment entered in this case. We write to address two issues raised only in the instant case.
The initial facts are set forth in Ming. Subsequent to Stardust's filing of the supplementary proceeding against Ming to set aside the transfer from Asseo to Ming as fraudulent, Sasha & Sasha ("Sasha"), appellants herein, obtained the Florida property from Ming in April 1995. Ming agreed to transfer the property to Sasha in exchange for two office buildings and a $550,000 note receivable. Sasha also agreed to refinance the Florida property or to assume Ming's mortgage on the property. In April of 1995, the deed to the Florida property was delivered to Sasha's attorney who reviewed the deed and then returned it to Ming's attorney to hold as escrow agent pending the completion of the escrow agreement obligations, which included Sasha's agreement to refinance the property or to assume Ming's mortgage. Sasha also delivered the deeds of the two office buildings and the note receivable to Ming. The deed to the Florida property was not recorded at the time of sale.
In proceedings against Sasha, the trial court determined that Sasha was not a transferee of the Florida property. Stardust contends in this appeal that because the deed of the Florida property to Sasha was not recorded, no "transfer" of real property within the meaning of the statute took place. Stardust points to section 726.107(1)(a), Florida Statutes (1995), which provides that for the purposes of the Uniform Fraudulent Transfer Act, Chapter 726, a "transfer" of real property is made "when the transfer is so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee."
Stardust overlooks section 726.107(2) which provides:
[i]f applicable law permits the transfer to be perfected as provided in subsection (1) and the transfer is not so perfected before the commencement of an action for relief under ss. 726.101-726.112, the transfer is deemed made immediately before the commencement of the action.
Thus, the statute does not prevent the recognition of an unrecorded deed as constituting a transfer; it merely postpones the date of the transfer to immediately prior to the commencement of the action. Therefore, the court erred to the extent that the trial court determined that Sasha was not a good faith transferee for value *560 because of the lack of recordation of the deed.
However, there was substantial competent evidence that the escrow agreement did not constitute delivery of the deed to Sasha. Further, there was evidence that Sasha may not have been a good faith transferee. Therefore, we affirm as to these issues.
The issue of whether there was a fraudulent transfer to Ming, Sasha's predecessor in title, is reversed and remanded for trial.
GUNTHER and STEVENSON, JJ., concur.